IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Joanne Jewell, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 2:22-v00053-kjd |
| v. ) | |
| ) | |
| Department of Education, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S PROPOSED PRODUCTION SCHEDULE

On July 7, 2022, the Court ordered Plaintiff, Joanne Jewell and the Defendant's counsel ("DOJ") to confer and submit to the court a Production Schedule for the delivery of FOIA responses, some of which are eleven months overdue. The Plaintiff and the DOJ appeared before the Court due to their inability to agree to a production schedule. The Court did not provide a *customary* due date for this filing of a Production Schedule and attempts to coordinate with the DOJ *continue* to be problematic[1]. More delays are the best defense for the Department of Education and the local office of the DOJ. Therefore, Plaintiff hereby files a Production Schedule which was shared with the DOJ[1], and requests the Court issue an ORDER and not allow any more delays which thwart her advocacy for her children, 4,500 children within her school district, and 80,000 children within the State of Vermont.

Plaintiff filed this Freedom of Information Act ("FOIA") action on **February 22, 2022**, and amended the Complaint on **April 15, 2022**. The DOJ filed its answer on **May 6, 2022**. The Court ordered the parties to file a Joint Status Report on **June 21, 2022**. The DOJ asked for a delay, the Plaintiff agreed, and on **June 28, 2022**, the parties were still no closer to an agreement to file a Joint Status Report. Each party subsequently filed motions resulted in Court order Scheduling

---

[1] Action Item by July 14, 2022, and Responses

Conference on **July 7, 2022**.

In Plaintiff's amended complaint, she requested the Court order the Defendant to produce to Plaintiff within ten business days of the date of the order the record sought to Plaintiff's FOIA requests (Exhibit #1). Almost three months after the DOJ's answer, Plaintiff is no closer to receiving substantial responsive requests.

This action concerns FOIA requests (Exhibit # 1 amended complaint and FOIA requests filed in the FOIAExpress Portal on **May 4, 2022** (22-01668-PA) and **May 5, 2022** (22-00077-F-PA) made by Plaintiff beginning on **July 31, 2021**, concerning her OCR Complaints, OCR Appeals and the operations of the Office of Civil Rights.

On **July 12, 2022**, in an email to Defendant, Plaintiff indicated they should exchange the draft production schedule on **July 14, 2022**[1]. Since Defendant is very busy, (testified to court other work priorities and single parenting) Plaintiff would file an order with the Court on or before **Tuesday, July 19, 2022**. As of the date of this filing, the DOJ has not sent a draft Production Schedule or otherwise to Plaintiff. Thereby as the DOJ continues to be uncooperative, as a delay is its best defense, the Plaintiff files the following Production Schedule for the Court to enforce through an ORDER *without further delays*.

1) On **July 6, 2022**, beginning at 6:24 p.m., the Defendant's one person authorized to produce FOIA complaints for litigation, Joanne Torres, produced a re-clawed FOIA request #21-00073-F-PA. This 662-plus page was Plaintiff's evidence that was never requested. This FOIA request response was appealed on **September 8, 2021**. The Boston Field office of the Office of Civil Rights withheld all their post-decisional work product, which purportedly supports the dismissal of Complaint 01-21-1597. Then the Department of Education, FOIA unit regurgitated Plaintiff's evidence never requested in this FOIA request but took precious time to fix their mistake by reclawing 662 pages and delivering the reclawed request

to Plaintiff the evening before a Scheduling Conference with the Court. This most certainly is not the spirit of cooperation Attorney Garland referenced in his memo on **March 15, 2022**. In fact, Attorney Garland stated that agencies should anticipate that a complainant would request the case file.

2) On **July 7, 2022**, the DOJ testified to the Court that the agency had already produced 1,600 records to Plaintiff. Plaintiff countered that over 600 were her documents, as Plaintiff was not aware before the Court Ordered Conference that the re-clawed FOIA request was her evidence in FOIA Request 21-00073-F-PA. So, instead of working on Plaintiff's long overdue FOIA request, the Department of Education cleaned up its mistake to the Plaintiff's detriment **by redacting her own evidence**. To quote the DOJ, "it took the time and resources of the department to perform." Of the **1,600** produced records to Plaintiff, **1,200** are Plaintiff's own evidence.

3) On **July 7, 2022**, the Court ORDERED a <u>Monthly Status Report</u> be made by Defendant to Plaintiff and filed with the Court with the following parameters **for each request.**

Filing Status for each request which includes processing stages listed in (five) bullets below:
- Search Ongoing
- Initial Search Conducted
- Responsiveness Review Ongoing – **page count to be disclosed at this stage**
- Review for Examined Materials Ongoing
- Records Released for the prior month, to include page count.

4) A Vaughn Index will be included with each request with the following fields:
- Category of Documents
- The total amount of responsive documentation/redacted pages number
- Exemptions cited
- Content of withheld portion and reason for withholding.

5) As a result of the reclawed (claw back) FOIA request 21-00073-F-PA, Plaintiff request that the Court ORDER the record production for **July 29, 2022**, *to contain at least 1,300 records to offset the time the agency spent rectifying their own mistake.*

6) Plaintiff request that the Court order the production of the ten FOIA requests/appeals listed below by **September 15, 2022**.

   | | |
   |---|---|
   | 22-02249-F | 22-00045-F-PA |
   | 22-02040-F | 22-00062-F-PA |
   | 22-02041-F | 22-01035-PA |
   | 22-00046-F-PA | 22-00028-F-PA |
   | 22-00053-F-PA | 21-00073-F-PA – appeal # 21-00051 |

7) At the **July 7, 2022**, Scheduling Conference, the Court noted that a FOIA request is for a Policy Manual. (22:02040-F – **Requested February 27, 2022**) This Policy Manual readily exists, would not require review or redaction, should be delivered to Plaintiff without delay and not be counted towards the monthly minimum production schedule of 650 records.

8) At the **July 7, 2022**, Scheduling Conference, the Plaintiff notified the Court that request **22-02249-F** was for Complaints made with the Family Educational Rights and Privacy Act (FERPA) Student Privacy Policy Office, unit of the DOE, not the Office of Civil Rights. According to a March 28, 2022, email[2] from Susan Lovett, Privacy Policy Analyst for the DOE, these records were collected for the Plaintiff on **March 28, 2022**. This FOIA request should be released immediately and not be counted towards the monthly minimum production schedule of 650 records.

9) On **July 12, 2022**[1], Plaintiff reminded the DOJ that the scope of **FOIA Request 21-02670-F** was limited to one month, **March 2018**, and Kristine Minawi, the Director of the FOIA unit confirmed there were responsive records. This email was also included in the amended complaint, Exhibit #4 filed on **April 15, 2022**.

10) On **July 14, 2022**, as committed Plaintiff delivered to the DOJ via email a draft Production Schedule[3]. The DOJ response on **July 15, 2022**[1], *did not include* a draft Production Schedule.

11) On **July 17, 2022**, the Plaintiff emailed the DOJ *to clear up* any misunderstanding.

12) Plaintiff reiterates to the DOJ and notifies the Court that responsive FOIA requests will not

---

[2] Email from Susan Lovett RE: 3265.2 List of Types and Locations of Information (34 C.F.R. 300 616)
[3] DRAFT – Jewell Production Schedule 7-14-2022

include her preponderance of evidence submitted in complaints and appeals to the Office of Civil Rights.

          Dated July 18, 2022

          By: */s/ Joanne C. Jewell*
          Pro Se Plaintiff