UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Joanne C. Jewell, CPA, | |
| Plaintiff, | |
| v. | Civil Action No. 2:22–cv–53–kjd |
| United States Department of Education, | |
| Defendant. | |

**OPINION AND ORDER**
(Docs. 41, 45, 47)

Plaintiff Joanne C. Jewell brings this action against the U.S. Department of Education (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff seeks documents from the DOE and its Office for Civil Rights in furtherance of her work as "a child advocate providing guidance to parents of children with disabilities." (Doc. 13 at 2, ¶ 4.)

The Court entered a Scheduling Order on August 16, 2022, requiring the DOE to produce monthly status reports detailing its progress in responding to Plaintiff's requests. (Doc. 43.) Pursuant to the Scheduling Order and the parties' agreement at the July 7, 2022 Scheduling Conference, the DOE provided its first report on August 1, 2022. (Doc. 40.) Several days after the filing of the Status Report, Plaintiff filed a Motion Challenging the Deficiency of the Department of Education's Search and Production. (Doc. 41.) The Motion contests the adequacy of the DOE's responses thus far to Plaintiff's requests. (*Id.* at 2–4.)

On September 2, 2022, Plaintiff filed a Motion to Transfer Venue (Doc. 47) requesting that the Court transfer this case to the United States District Court for the District of Columbia. DOE opposes both of Plaintiff's Motions and cross-moves for a stay of litigation pending completion of its production of documents responsive to Plaintiff's FOIA requests.

For the reasons discussed below, the Court denies Plaintiff's Motion to Transfer Venue (Doc. 47); denies the Motion Challenging the Deficiency of the Department of Education's Search and Production (Doc. 41); and grants Defendant's Cross-Motion for Stay of Litigation Pending Production (Doc. 45).

## Discussion

The Court first addresses the Motion to Transfer Venue, as it asserts that the District of Vermont is not the proper venue for this action.

### I.      Motion to Transfer Venue

Plaintiff requests that the Court transfer the case to the District of the District of Columbia under 28 U.S.C. § 1404(a).  When a plaintiff brings an action in a proper venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  In seeking such relief, "the party requesting transfer carries the burden of making out a strong case for transfer." *N.Y. Marine & Gen. Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (internal quotation marks omitted); *see also Bryant v. Potbelly Sandwich Works, LLC*, No. 17-cv-7638 (CM), 2018 WL 898230, at *1 (S.D.N.Y. Feb. 5, 2018) (noting that "the party requesting a transfer of venue bears the heavy burden of proving by clear and convincing evidence that transfer is warranted").  This Court has noted that "[a]bsent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored." *Dole v. Adams*, No. 1:12-cv-24-jgm, 2015 WL 541028, at *1 (D. Vt. Feb. 10, 2015) (internal quotation marks omitted).

In considering a request to transfer, the court assesses (1) "whether the action could have been brought in the transferee district," and (2) "whether transfer would be an appropriate

exercise of the Court's discretion." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (internal quotation marks omitted). The DOE does not appear to contest that this action could have been brought in the District of Columbia. (Doc. 48 at 2 n.1 (quoting 5 U.S.C. § 552(a)(4)(B), which permits the filing of a FOIA Complaint in the district where the complainant resides, or has her principal place of business, or where the agency records are located, or in the District of Columbia).

The Court must therefore determine whether it would be an appropriate exercise of discretion to transfer the case. The Court's exercise of discretion is guided by several factors:

> (1) [T]he plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112 (internal quotation marks omitted). Although Plaintiff has not provided information relevant to these factors, they appear to weigh in favor of maintaining this case in the District of Vermont. The docket reflects that Plaintiff resides in Vermont and filed the Complaint in this Court. DOE represents, and Plaintiff does not appear to contest, that "the FOIA requests at issue largely concern records of the Boston office of the Department's Office for Civil Rights." (Doc. 48 at 3.) Therefore, the continuation of this action in Vermont appears to be convenient for Plaintiff. Given these facts, and as other courts have observed, a venue transfer is unlikely to be granted "at the request of the party who chose the forum in the first place." *Ferrostaal, Inc. v. Union Pacific R. Co.*, 109 F. Supp. 2d 146, 151 (S.D.N.Y. 2000) (internal quotation marks omitted). As "[a] plaintiff moving to transfer venue has already had an opportunity to choose the venue when filing the action," she must "demonstrate, *inter alia*, that after the action was filed, there was a change of circumstances that warrants transferring the action to the transferee forum." *Id.*

The Court construes Plaintiff's Motion to articulate the following changed circumstances in support of the request to transfer the case: (1) a "local Judge" brings an "inherent bias" that would not be present in federal court in the District of Columbia; (2) the undersigned is "inherently biased" in favor of the DOE because of his previous employment as a teacher, and is similarly biased in favor of the U.S. Attorney's Office in Vermont, DOE's counsel in this action, because he was previously employed as an Assistant U.S. Attorney in the District of Vermont; and (3) the Court has been unequal in its treatment of Plaintiff and government counsel.  (Doc. 47 at 2–3.)  The Court addresses each of these claims.

A. **Claims of Bias**

First, Plaintiff's conclusory assertion that a Vermont judge is inherently biased is insufficient to warrant transfer.  Plaintiff has not offered any reason to believe that a judge in this District cannot conduct this case in an impartial manner.  Second, the fact that a judge previously served as an Assistant U.S. Attorney "is not sufficient to create bias" in favor of the government generally or the U.S. Attorney's Office in particular.  *Saleh v. Pastore*, No. 21-1073, 2021 WL 4978574, at *3 (2d Cir. Oct. 27, 2021) (summary order) (affirming denial of motion for recusal). Similarly, Plaintiff offers no basis to conclude that the undersigned's previous employment as a teacher renders him biased in favor of DOE in this FOIA case.

Plaintiff also asserts that the Scheduling Order entered on August 16, 2022 demonstrates the bias of the undersigned because the Order "agreed to the schedule of the defendant."  (Doc. 47 at 2.)  The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make

4

fair judgment impossible." *Id*. A plaintiff does not establish judicial bias "where the only challenged conduct consists of judicial rulings [and] routine trial administration efforts." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (internal quotation marks omitted).

The Court's entry of the scheduling order in this case is not a basis to conclude that the undersigned is biased. After reviewing the parties' competing scheduling order requests under applicable law, the Court issued a ten-page Opinion and Order addressing both parties' respective positions on the contested issues. (Doc. 42.) The Opinion and Order ultimately granted in part and denied in part the DOE's Motion. (*Id*. at 10.) Plaintiff's disagreement with the ruling is insufficient to establish that the undersigned is biased in favor of the government. *See Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990) ("Prior adverse rulings[,] without more, . . . do not provide a reasonable basis for questioning a judge's impartiality." (omission in original) (internal quotation marks omitted)).

      **B.**      **Claims of Unequal Treatment of Plaintiff and Government Counsel**

Plaintiff further contends that the Court's alleged unequal treatment of Plaintiff and government counsel demonstrates the undersigned's bias in favor of the government. (Doc. 47 a 2.) Plaintiff attaches to her Motion two email exchanges with a former judicial law clerk of the undersigned. In the first exchange, government counsel emailed the law clerk and copied Plaintiff. (Doc. 47-1 at 1.) The email advised the law clerk that the government intended to file a response opposing a scheduling proposal Plaintiff had filed the previous day. (*Id*.) The law clerk responded to government counsel, copying Plaintiff, as follows: "Understood. Thank you for letting chambers know, Ben. We will be looking out for your scheduling proposal." (*Id*.) In the second exchange, Plaintiff emailed the same law clerk, without copying government counsel, to request a status update on the case. (Doc. 47-2 at 1.) The law clerk responded to Plaintiff, without copying government counsel, as follows: "As a general matter, direct communication

5

with chambers is not standard practice. Instead, all case inquiries should be directed to the Clerk's Office [phone number] . . . . Please contact them if you have questions." (*Id.*)

The emails from both Plaintiff and government counsel to chambers were not substantive in nature. The government's email apprised the Court of its intention to file a response to one of Plaintiff's submissions. Plaintiff's email requested a status update on the case. These email exchanges—solely between the parties and the law clerk—have no bearing on Plaintiff's claim that the undersigned is biased in favor of the government. Nevertheless, the parties are advised that any future correspondence to the Court, if necessary, must be directed to the Clerk's Office, not chambers, and must copy the other party.

II. **Motion Challenging the Deficiency of the Department of Education's Search and Production and Cross Motion for Stay of Litigation Pending Production**

On August 1, 2022, the DOE filed its Status Report detailing the processing stage of each of Plaintiff's requests and the number of pages produced. (Doc. 40.) On August 4, 2022, Plaintiff filed a Response to the Status Report in which she seeks to appeal the adequacy of several searches and related productions described in the August 1 Status Report. (Doc. 41 at 2–4.) The DOE has filed a response contesting on the merits the alleged inadequacies in the production to date and requesting a stay of litigation until its FOIA production is complete. (Doc. 45.)

A. **Compliance with Local Rule 7(a)(7)**

With respect to Plaintiff's Motion challenging DOE's document production to date, the docket does not indicate that Plaintiff attempted to obtain opposing counsel's agreement to the requested relief. Under the Local Rule, "[a] party filing a non-dispositive motion must certify that the party has made a good faith attempt to obtain the opposing party's agreement to the requested relief." L.R. 7(a)(7). The Court recognizes that Plaintiff is handling her case without the assistance of counsel; nevertheless, with the exception of self-represented incarcerated

individuals, the rule applies to all litigants. L.R. 7(a)(7). The rule is intended to narrow the issues presented for adjudication and a party's non-compliance with the rule may warrant denial of the requested relief. The Court does not deny Plaintiff's Motion on this basis, but expects compliance with the rule in future filings.

### B.     The Pending Motions

Plaintiff's Motion asks the Court to review the adequacy of DOE's responses—essentially in the manner of a summary judgment proceeding—while the document production is in progress. *See New York v. Salazar*, 701 F. Supp. 2d 224, 233 (N.D.N.Y. 2010) ("A party seeking review of an agency's response to a FOIA request is entitled to commence a civil action toward that end. Such actions are generally determined on motion for summary judgment." (footnote omitted)), *aff'd*, No. 6:08-CV-644 (LEK/DEP), 2011 WL 1938232 (N.D.N.Y. Mar. 8, 2011). As explained below, the Court declines to do so both in the interest of judicial efficiency and in the interest of promoting timely responses by DOE to Plaintiff's FOIA requests.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). A court also has "considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). "As a general matter, '[n]o federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment.'" *Church v. Fin. Recovery Servs., Inc.*, Case # 16-CV-6391-FPG, 2018 WL 1383231, at *4 (W.D.N.Y. Mar. 19, 2018) (alteration in original) (quoting *Jackson v. Goord*, No. 06-CV-6172 CJS, 2013 WL 1560204, at *5 (W.D.N.Y. Apr. 10, 2013)). Thus, "[i]n the absence of a good reason to exercise its discretion and entertain a successive summary judgment motion, a court ought not allow litigation to be conducted in piecemeal fashion." *Singleton v. Grade A Mkt., Inc.*, CIVIL ACTION NO. 08-cv-1385 (JCH), 2009 WL 10689210, at *2 (D. Conn. Sept. 21,

2009); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) ("The Court 'do[es] not approve in general the piecemeal consideration of successive motions for summary judgment' . . . ." (first alteration in original) (quoting *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961))).

At the time Plaintiff filed this Motion, the DOE had completed only one round of production in response to Plaintiff's requests. In its most recent Status Report to the Court, the DOE anticipates further production of records through December 2022. (Doc. 49.) As additional productions will be made, review of the adequacy of the search at each stage of production would be an inefficient use of both judicial and agency resources. *Siemens*, 219 F.R.D. at 554 ("The Court considers it more economical to address the remaining issues in this litigation all at once . . . ."); *cf. Nat'l Pub. Radio, Inc. v. U.S. Cent. Command*, Case No.: 3:21-cv-01079-MMA-AHG, 2022 WL 1188872, at *2 (S.D. Cal. Apr. 21, 2022) (vacating summary judgment briefing schedule to allow agency to complete search and production for updated FOIA request); *Republican Nat'l Comm. v. U.S. Dep't of State*, Civil Action No. CV 16-486 (JEB), 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) ("If the Court made a decision limited only to [as-yet produced] sixteen pages . . . it would open the door to burdensome piecemeal litigation—perhaps every month until State finishes productions in 2018. Both sides, in fact, have previously acknowledged that the most appropriate time for summary-judgment proceedings would be after the final production is delivered.").

To avoid the inefficiencies of piecemeal litigation, the Court does not address at this time the adequacy of DOE's response to Plaintiff's FOIA requests. As the governing Scheduling Order provides, "[o]nce the DOE has responded to all of the FOIA requests at issue in this case, the parties shall confer regarding the need, if any, for further litigation and apprise the Court of the same." (Doc. 43 ¶ 4.) If necessary, the Court will hold summary-judgment proceedings

upon final completion of the document production.  Plaintiff will have a full opportunity to object to the DOE's production at that time.

Therefore, the Court stays further litigation in this matter until the DOE has responded to all of Plaintiff's requests.

### Conclusion

For the reasons discussed above, Plaintiff's Motion to Transfer Venue (Doc. 47) is DENIED.  Plaintiff's Motion Challenging the Deficiency of the Department of Education's Search and Production (Doc. 41) is DENIED without prejudice.  If necessary, Plaintiff may renew her challenges to the DOE's document production at summary judgment after the production is complete.  The Court will continue to monitor the DOE's document production as memorialized in its monthly status reports to ensure that the search and production process is proceeding in a timely manner.

The DOE's Cross Motion for Stay of Litigation Pending Production (Doc. 45) is GRANTED.  The Court hereby STAYS further litigation in this matter until the DOE has responded to all of Plaintiff's requests.

Upon completion of DOE's document production, the parties shall advise the Court of the need, if any, for further litigation.

Dated at Burlington, in the District of Vermont, this 26th day of October 2022.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge